UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EMMANUEL SMITH,  :
    Plaintiff,  :
                               : PRISONER
    v.  : CASE NO. 3:04-CV-814(RNC)
JOHN G. ROWLAND, et al.,  :
    Defendants.  :

RULING AND ORDER

Plaintiff Emmanuel Smith, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging principally a failure to protect him against assaults by other inmates in violation of the Eighth Amendment.[1]  Defendants have moved for summary judgment. For the reasons that follow, the motion is granted.

I.  Standard of Review

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing

---

[1] Plaintiff names the following defendants: Former Governor John G. Rowland, the Connecticut Department of Correction, Commissioner of Correction Theresa Lantz, Lieutenant Bill Blue, Correction Officer Sansone, the State of Connecticut, Fairfield County, Disciplinary Hearing Officer Murry, Investigating Officer Milano, Correction Officer Tamboro and Warden Walter Ford.

that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)

II. <u>Facts</u>

The record before the court, viewed most favorably to the plaintiff, would permit a jury to find the following facts. On February 18, 2003, plaintiff was serving a term of imprisonment at the Bridgeport Correctional Center. On that day, Lieutenant Blue and Correction Officer Sansone transferred him from a low security housing block to a high security housing block, where he remained throughout the time pertinent to this case.

On May 20, 2003, he was sitting in a room with an inmate named Elliston. The day was very hot and a fan was running. Elliston turned off the fan for no apparent reason and refused to turn it back on. When plaintiff asked Elliston to permit him to sit under the fan, Elliston refused and slashed the plaintiff with a homemade knife. Plaintiff was taken to the medical department where a nurse examined his injuries. The nurse noted that the had lacerations on his abdomen and left flank, and bruises on his neck, left shoulder, right elbow and back. The nurse cleaned the lacerations, applied antibiotic ointment, and instructed the plaintiff to return to the medical department as necessary.

On November 11, 2003, an inmate named Snell threw scalding water at the plaintiff causing first and second degree burns to his neck and chest. A nurse examined the plaintiff and telephoned a physician regarding treatment. The physician prescribed ointment and pain medication and plaintiff was scheduled to be seen by a physician the following day.[2]

III. Discussion

In support of their motion for summary judgment, defendants argue that (1) the claims against them for monetary damages in their official capacities are barred by the Eleventh Amendment; (2) they were not involved in any of the alleged unconstitutional conduct set forth in the amended complaint; (3) plaintiff has failed to state a claim upon which relief may be granted; and (4) they are entitled to qualified immunity.

    A. Eleventh Amendment

The Eleventh Amendment prohibits suits for money damages

---

[2] The amended complaint alleges that plaintiff received no medical attention for his injuries or for diabetes, that he was housed with an inmate known to suffer from tuberculosis, that he contracted a skin fungus as a result of unsanitary water, and that his diet is nutritionally inadequate. Plaintiff does not address these claims in his opposition to the motion for summary judgment and thus appears to have abandoned them. Moreover, his allegations regarding these matters do not refer to any of the defendants, and he offers no evidence to support a finding that any of them were responsible for his medical care, housing assignment, water or diet. Accordingly, these claims are summarily dismissed.

against states or state actors in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity, see Quern v. Jordan, 440 U.S. 332, 345 (1979), and Connecticut has not otherwise waived its immunity. Accordingly, the motion for summary judgment is granted as to the claims for money damages against defendants in their official capacities.

B. Section 1983

Section 1983 authorizes suits against any "person" who violates the plaintiff's federal rights while acting under state law. It is well-settled that states and state agencies are not "persons" within the meaning of section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). Accordingly, the claims against the State of Connecticut and the Department of Correction must be dismissed.

To prevail on a claim under section 1983, plaintiff must prove that the defendant was personally involved in the alleged wrongdoing. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). Consistent with this requirement, "[a] supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002). In the absence of personal involvement, a supervisor may be held liable only if he or she had notice that

4

unconstitutional acts were occurring and failed to act or was grossly negligent in failing to supervise the subordinates who committed the wrongful acts at issue. See Ziemba v. Armstrong, 430 F.3d 623, 625 (2d Cir. 2005).

No personal involvement has been alleged or shown with regard to the following defendants: Fairfield County, Hearing Officer Murry, Investigating Officer Milano. Thus, the claims against these defendants must be dismissed.

Plaintiff alleges that defendants Rowland, Lantz and Ford permitted a policy to continue that resulted in his being harmed by other inmates, and that they were grossly negligent in supervising subordinates. These general allegations have not been substantiated. There is no evidence that any of these defendants failed to act on information that unconstitutional acts were occurring, or was grossly negligent in supervising subordinates. Accordingly, the motion for summary judgment is granted in favor of these defendants.

After taking the foregoing analysis into account, the only remaining defendants are Lieutenant Blue and Correction Officers Sansone and Tamboro. Plaintiff claims that these defendants are liable for (1) failing to protect him against the assaults he suffered at the hands of other inmates in violation of the Eighth Amendment, and (2) transferring him to the high security housing

block without a hearing in violation of due process.  I will now address each of these claims.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a duty on prison officials to protect inmates from harm at the hands of other inmates. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To establish a violation of this duty, plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm," and that defendants showed "deliberate indifference" to his health or safety. Id. at 834.  A prison official is deliberately indifferent when he "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Dep't Of Corr., 84 F.3d 614, 620 (2d Cir. 1996).

The record does not support a finding of deliberate indifference on the part of defendants Blue, Sansone or Tamboro. Plaintiff alleges that these defendants transferred him to the high security housing block in February 2003, where the assaults eventually occurred.  He offers no evidence, direct or circumstantial, to support a finding that any of them knew or had reason to know of a substantial risk that he would be assaulted. Three months passed before the first assault occurred, and the second occurred about six months later.  The assaults involved

different inmates and circumstances. Plaintiff does not allege, and has no evidence to prove, that the defendants were aware of a substantial risk that he would be assaulted and simply ignored it.

With regard to the due process claim, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement . . . [but] may arise from state policies or regulations, subject to the important limitations set forth" in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). <u>Wilkenson v. Austin</u>, 545 U.S. 209, 221-22 (2005). In this case, classification and transfer of prisoners rests in the discretion of state prison officials, and no state regulation or directive limits this discretion. <u>See</u> Conn. Gen. Stat. § 18-81 ("The commissioner shall be responsible for establishing ... classification ... programs throughout the department."). Moreover, the record does not support a finding that confinement in the high security housing block posed an "atypical and significant hardship on the [plaintiff] in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 483-85.

IV. <u>Conclusion</u>

For the foregoing reasons, the motion for summary judgment is hereby granted. Judgment will enter in favor of the defendants dismissing the claims with prejudice.

So ordered this 31st day of March 2007.

                                      _____/s/_____
                                            Robert N. Chatigny
                                      United States District Judge